SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**NICHOLAS D. MEYERS, OSB #222743**
Nicholas.Meyers@usdoj.gov
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:24-cr-00422-SI** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **BAHATI FORREST BANKS,** | |
| **Defendant.** | |

Defendant Bahati Forrest Banks is before the Court after pleading guilty to felon in possession of a firearm and unlawful possession of a machinegun. The government recommends the jointly agreed sentence of 63 months' imprisonment on Counts 2 and 3, followed by a three-year term of supervised release, and a $200 special assessment. The government does not seek a fine, and restitution is not applicable.

Defendant possessed multiple firearms in two separate incidents, including loaded firearms, a rifle with an obliterated serial number, a stolen Glock pistol equipped with a machinegun conversion device, extended magazines, and a 50-round drum magazine. He did so

**Government's Sentencing Memorandum**                                            **Page** 1

after serving a substantial state prison sentence for a prior firearm assault.  The agreed 63-month sentence is the low end of the advisory guideline range calculated in the Presentence Investigation Report (PSR), is consistent with the parties' plea agreement, and is sufficient but not greater than necessary under 18 U.S.C. § 3553(a).

## I.      Factual Background

### A.      The Offense Conduct

The PSR accurately summarizes the offense conduct in paragraphs 15 through 18, which the government incorporates by reference.

On April 27, 2024, a Portland Police Bureau officer attempted to stop a black Dodge Charger with temporary tags.  PSR ¶ 15.  The vehicle fled, and the officer did not pursue.  *Id*.  Officers responded to a crash involving the same vehicle near Southeast 112th Avenue and Powell Boulevard.  *Id*.  Witnesses reported, and video confirmed, that the driver, later identified as defendant, fled the crash scene.  *Id*.  As officers inspected the vehicle, they saw a rifle on the driver's side floorboard.  *Id*.  Officers later executed a search warrant and seized a loaded Bushmaster Carbon-15 .223 caliber rifle.  PSR ¶ 16.

On June 21, 2024, Federal Bureau of Investigation (FBI) agents and Portland Police Bureau officers executed a search warrant at defendant's residence in Portland.  PSR ¶ 17.  Investigators seized a loaded Glock 22 .40 caliber pistol with an extended magazine, a loaded Glock 17 9mm pistol, an Anderson Manufacturing AM-15 multi-caliber rifle with an obliterated serial number, multiple loaded magazines including a 50-round drum magazine, approximately 28.2 gross grams of cocaine, and a digital scale with residue.  *Id*.

The Glock 17 had been reported stolen after a vehicle break-in in 2023 and was outfitted with an automatic switch that allowed the pistol to function as a machinegun.  PSR ¶ 18.  In

**Government's Sentencing Memorandum**                                      **Page** 2

short, this case involved not only unlawful firearm possession, but unlawful possession of multiple loaded firearms, a stolen firearm, an obliterated-serial-number rifle, large-capacity ammunition feeding devices, and a machinegun conversion device.

### B.    The Charges and Plea Agreement

On November 13, 2024, defendant was charged by indictment with three counts: two counts of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of unlawful possession of a machinegun, in violation of 18 U.S.C. §§ 922(o).  PSR ¶¶ 2-4.  On March 10, 2026, defendant pleaded guilty to Counts 2 and 3 pursuant to a written plea agreement. PSR ¶¶ 1, 6.  The government has agreed to move at sentencing to dismiss Count 1.  PSR ¶¶ 7, 12.

### C.    Guidelines Computation

The government believes the Guidelines calculation set forth in the PSR is accurate.  The PSR calculates a total offense level of 25, a criminal history category of II, and an advisory guideline range of 63 to 78 months' imprisonment.  PSR ¶¶ 34, 38, 63.

| Enhancement | Government's Position |
|---|---|
| Base Offense Level - USSG § 2K2.1(a)(3)(A) | 22 |
| 3 to 7 Firearms - USSG § 2K2.1(b)(1) | +2 |
| Obliterated Serial Number - USSG § 2K2.1(b)(4)(B)(i) | +4 |
| Acceptance of Responsibility - USSG § 3E1.1 | -3 |
| Total Offense Level | 25 |
| Criminal History Category | II |
| Advisory Guideline Range | 63-78 months |

The plea agreement stipulated to a base offense level of 22 and to enhancements for a stolen firearm and an obliterated serial number. PSR ¶ 8.  The PSR applies the greater four-level enhancement for the obliterated serial number, see USSG § 1B1.1 Application Note 5, and

separately applies a two-level enhancement under USSG § 2K2.1(b)(1) because the offense involved four firearms. PSR ¶¶ 24-26. The government recommends the sentence contemplated by the plea agreement: 63 months' imprisonment followed by three years of supervised release.

### D.    Criminal History

Defendant's criminal history confirms the need for a meaningful custodial sentence. As an adult, defendant was convicted in Multnomah County Circuit Court of Assault in the Second Degree-Firearm and Unlawful Use of a Weapon. PSR ¶ 37. That case arose from a June 29, 2016 shooting in which approximately 17 shots were fired toward an apartment building and one victim was struck in the back and both thighs. *Id*. Defendant was sentenced to 60 months in prison and 36 months of post-prison supervision. *Id*.

The present case occurred after defendant had served that sentence. Although the government recognizes the mitigating circumstances discussed in the PSR, including defendant's difficult childhood, family support, employment history, and acceptance of responsibility, defendant's return to unlawful firearm possession warrants the agreed-upon sentence.

## II.    Argument

### A.    The Jointly Recommended Sentence Is Appropriate

The Sentencing Guidelines are advisory, but they remain the starting point and initial benchmark for the Court's sentencing decision. *Gall v. United States*, 552 U.S. 38, 49 (2007). Here, the parties' agreed recommendation is also the low end of the PSR's advisory range.

A 63-month sentence fairly accounts for the seriousness of the offense. Defendant possessed multiple loaded firearms across two incidents. The June 21, 2024 search revealed a stolen Glock equipped with a machinegun conversion device, an AM-15 rifle with an obliterated serial number, extended magazines, a 50-round drum magazine, cocaine, and a digital scale with

**Government's Sentencing Memorandum**                                    **Page** 4

residue. PSR ¶¶ 17-18.  Those facts present the precise danger addressed by federal firearms laws.

The machinegun conversion device is especially serious.  Defendant admitted in the plea agreement that he knew the Glock 17 had an installed machinegun conversion device while he possessed it.  Plea Agr. ¶ 5.  Possession of that device, together with the stolen Glock, extended magazines, and obliterated-serial-number rifle, supports a sentence that reflects the risk defendant created and the need to protect the public.

**B.      Supervised Release, Restitution, Fine, and Forfeiture**

The United States recommends the three-year term of supervised release contemplated by the plea agreement and recommended by Probation, along with the mandatory and standard conditions and the special conditions proposed in the PSR.  Those conditions are appropriate given the firearm offense, the drugs and digital scale recovered from defendant's residence, and defendant's substance-use history.  PSR ¶¶ 17, 58.

Restitution is not applicable, and the United States does not seek a fine.  PSR ¶¶ 73, 76-77.  The Court should impose the mandatory $100 special assessment on each count, for a total of $200.  Forfeiture has been addressed through the indictment and plea agreement.  PSR ¶¶ 5, 12.

**III.    Conclusion**

For the foregoing reasons, the United States respectfully recommends that the Court impose the jointly agreed sentence of 63 months' imprisonment on Counts 2 and 3, to run concurrently, followed by three years of supervised release on each count, also to run

/ / /

concurrently, and a $200 special assessment.  The United States does not seek a fine, restitution

is not applicable, and the United States will move to dismiss Count 1 at sentencing.

Dated: May 21, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

s/ *Nicholas D. Meyers*
NICHOLAS D. MEYERS, OSB #222743
Assistant United States Attorney

**Government's Sentencing Memorandum**                                                                        **Page** 6